IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-02628-WDM-BNB

RLI INSURANCE COMPANY, an Illinois corporation,

Plaintiff,

v.

SHAW ENVIRONMENTAL & INFRASTRUCTURE, INC., a Louisiana corporation,

Defendant.
_____

**ORDER**
_____

This matter is before me on the following motions:

(1)   The defendant's **Motion to Realign Parties and Claims** [Doc. # 10, filed 1/18/06] (the "Motion to Realign");

(2)   The defendant's **Motion for Leave to File Amended Complaint** [Doc. # 11, filed 1/18/06] (the "Motion to Amend"); and

(3)   **Plaintiff RLI Insurance Company's Motion to Stay Briefing and Vacate Hearing on Defendant's Motions Pending a Ruling On Plaintiff's Motion to Remand Removed Action to State Court** [Doc. # 15, filed 2/6/06] (the "Motion to Stay").

The Motion to Stay is GRANTED, as specified below.

This action was initiated on December 6, 2005, in the state district court for the City and County of Denver, Colorado. Plaintiff RLI Insurance Company's Motion to Remand Removed Action to State Court [Doc. # 9, filed 1/17/06] (the "Motion to Remand"), at ¶2. The action was dismissed on December 22, 2005, upon the filing by RLI of a notice of dismissal pursuant to

Colo. R. Civ. P. 41(a)(1)(A).  Id., ¶3.  Under Colorado law, Rule 41(a)(1)(A) allows a plaintiff to dismiss an action "by notice, without court order, at any time before the adverse party files an answer or motion for summary judgment." Alexander v. Morrison-Knudsen Co., 444 P.2d 397, 401 (Colo. 1968).  "[T]he plaintiff need do no more than file a Notice of dismissal with the Clerk.  That document itself closes the file.  And the court has no role to play.  There is not even a perfunctory order of court closing the file." Id., p.403 (internal quotations and citations omitted).

On December 27, 2005, five days after RLI filed its notice of dismissal in the state district court, Shaw filed a notice of removal to federal court.  RLI has filed a Motion to Remand, which Shaw opposes.  The Motion to Remand is pending before the district judge.

In the meantime, Shaw has filed the Motion to Amend and the Motion to Realign, which have been referred to me for determination.  I have set a hearing on those motions for February 24, 2006.  By its Motion to Stay, RLI requests that I stay briefing on the Motion to Amend and Motion to Realign and vacate the hearing on those motions "pending a ruling on RLI's Motion to Remand."

I agree that my determination of the Motion to Amend and Motion to Realign should await the determination by the district judge of the Motion to Remand.  A remand would render moot the two motions pending before me.

IT IS ORDERED that the Motion to Stay is GRANTED.  Briefing on the Motion to Amend and Motion to Realign is stayed until further order of the court.  The hearing set for February 24, 2006, at 10:30 a.m., is VACATED, and will be reset at a later date, if necessary.

IT IS FURTHER ORDERED that the plaintiff shall file a status report within 10 days of any ruling by the district judge on its motion to remand.

Dated February 8, 2006.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge