IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No.  05-cv-02628-WDM-BNB

RLI INSURANCE COMPANY, an Illinois Corporation,

    Plaintiff,

v.

SHAW ENVIRONMENTAL & INFRASTRUCTURE, INC., a Louisiana Corporation

    Defendant.

## ORDER OF REMAND

Miller, J.

This matter is before me on plaintiff RLI Insurance Company's (RLI) motion to remand, filed January 17, 2006.  In this motion, RLI argues that defendant Shaw Environmental & Infrastructure, Inc. (Shaw) cannot remove a case after it has already been dismissed in state court.  For the reasons discussed below, I agree.

Background

The facts relevant to this motion are undisputed.  RLI filed a complaint in state court on December 6, 2005.  Then, on December 22, 2005, it voluntarily dismissed its case pursuant to C.R.C.P. 41(a)(1)(A).  On December 27, 2005, Shaw filed a notice of removal with this court pursuant to 28 U.S.C. § 1446.  RLI now moves for remand due to improper removal.

Discussion

There is no dispute that this case was effectively dismissed in state court prior to

the date Shaw filed its notice of removal. *See Alexander v. Morrison-Knudson Co.*, 444 P.2d 397, (Colo. 1969) (holding that when a notice of voluntary dismissal is filed prior to an answer or motion for summary judgment, dismissal is effective upon the filing of the notice and the "'document itself closes the file.'") (quoting *Am. Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963)). Nonetheless, Shaw insists that removal was proper.

First, Shaw cites several cases that stand for the proposition that a defendant's counterclaims may remain pending even after the plaintiff's claims have all been dismissed. However, none these cases involved counter-claims that were asserted *after* the plaintiff's claims were dismissed. Moreover, Shaw fails to explain how these cases are relevant to whether a defendant can remove a case that has already been voluntarily dismissed.

Second, Shaw relies upon *Hollander v. Sandoz Pharm. Corp.*, 289 F.3d 1193 (10th Cir. 2002). In *Hollander*, the Tenth Circuit recognized that "'a district court's *error* in failing to remand a case improperly removed is not fatal to the ensuing adjudication if federal jurisdictional requirements are met at the time judgment is entered.'" *Id.* at 1203 (quoting *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 64 (1996)) (emphasis added). Obviously, neither *Hollander* nor *Caterpillar* should be read as an invitation for district courts to err intentionally.

Finally, Shaw argues that this case should not be remanded because it could, and would, immediately turn around and file a complaint of its own in this court. However, rights which are clearly given to parties through rules of civil procedure are not easily trumped by considerations of economy, convenience, and fairness. For

example, a plaintiff who brings a complaint in federal court is entitled to dismiss as of right under Fed. R. Civ. P. 41(a)(1), even in situations where other considerations might weigh against dismissal. *Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003) (emphasizing the absolute nature of a plaintiff's right under Rule 41(a)(1) and noting that this right cannot be limited by either an adversary or the court).

In short, I find Shaw's arguments unconvincing and conclude that the federal removal statutes do not provide for removal of cases that have already been voluntarily dismissed. *See Ristuccia v. Adams*, 406 F.2d 1257, 1258 (9th Cir. 1969) ("It would seem obvious that to remove an action to the federal courts from a state court, it must first be pending in the state court."); 16 James Wm. Moore et al., *Moore's Federal Practice* § 107.12[1] (3d ed. 2004) ("Only cases originally filed and pending in state court may be removed.").

Accordingly, it is ordered:

1. Plaintiff's motion to remand, filed January 17, 2006 (Docket No. 9), is granted.
2. This case shall be remanded to the District Court, Denver County, Colorado.

DATED at Denver, Colorado, on July 26, 2006.

BY THE COURT:


s/ Walker D. Miller
United States District Judge

PDF FINAL